## EZRA ALLEN *versus* SAMUEL D. FORD.

If goods are sold upon a condition, and the vendee fails to perform it, but retains the goods and converts them to his own use, the vendor, if he rescinds the sale, cannot waive the tort and recover the value of the goods in *assumpsit*, but his proper remedy is in *trover*.

ASSUMPSIT, upon an account annexed, for goods sold and delivered.

At the trial, before *Morton* J., the plaintiff proved the de livery of the goods charged in the account, and there rested his case.

The defence was, that the goods were sold on a credit of

Allen
v.
Ford.

six months, which had not expired when the action was com
menced.

Evidence was introduced tending to show, that the plaintiff
agreed to sell to the defendant some part of the goods in ques-
tion on credit, provided the defendant would procure the guar-
anty of one Perkins, which condition the defendant failed to
perform.

The judge instructed the jury, that if the goods were sold
on a condition, as the evidence tended strongly to show, and
the defendant failed to perform the condition, the plaintiff might
reclaim the goods as his own property ; and that if he omitted
to do this, and the defendant retained the goods and converted
them to his own use, the plaintiff might recover their value in
an action of assumpsit.

The jury returned a verdict for the plaintiff. If these in-
structions were incorrect, a new trial was to be granted.

*June 29th.*    *S. D. Parker*, for the defendant, cited *Whitwell* v. *Vincent*,
4 Pick. 449 ; *Smith* v. *Dennie*, 6 Pick. 262 ; *Strutt* v.
*Smith*, 1 Crompt. Mees. & Roscoe, 315 ; *Ferguson* v. *Far-
rington*, 9 Barn. & Cressw. 59.

*C. P. Curtis*, *H. H. Fuller* and *Washburn*, for the plain-
tiff, cited *Cummings* v. *Noyes*, 10 Mass. R. 436 ; *Hill* v.
*Perrott*, 3 Taunt. 274 ; *Jones* v. *Hoar*, 5 Pick. 285 ; *Fos-
ter* v. *Stewart*, 3 Maule & Selw. 191.

*July 1st.*    WILDE J. delivered the opinion of the Court. If the
goods sold to the defendant had been by him sold and converted
into money, the instruction to the jury would, in an action for
money had and received, have been correct. *Jones* v. *Hoar*,
5 Pick. 285. But if the plaintiff rescinds the contract, as he
would have a right to do, the defendant failing to perform the
condition of sale, his proper remedy for a conversion of the
property is an action of trover. And he cannot waive the tort
and recover the value of the goods in an action of assumpsit.
In such a form of action the contract is admitted to exist at the
time of the action brought. And where there is an express
contract, the law will not imply one. This was decided in
*Ferguson* v. *Carrington*, 9 Barn. & Cressw. 59, and in *Strutt*
v. *Smith*, 1 Crompt. Mees. & Roscoe, 315. In the latter
case goods were sold " at seven and a half per cent discount

Allen
*v.*
Ford.

oill at three months, or ten per cent discount cash in fourteen days." And it was held, that the vendors could not sue in assumpsit for goods sold and delivered, within the fourteen days, even if the sale had been effected by fraud on the part of the vendee, so that trover might have been maintained for the goods ; for that the plaintiffs could not avail themselves of the defendant's fraud, so as to rescind the contract, and to substitute a new contract of sale on different terms.

The case of *Hill* v. *Perrott*, 3 Taunt. 273, cited by the plaintiff's counsel, is in no respect inconsistent with the principle maintained in the above cases. In that case, it is true, it was held that assumpsit would lie for goods sold and delivered, which the defendant had, by fraud, procured the plaintiff to sell to an insolvent person, and which the defendant had afterwards gotten into his possession. But the reason given for the decision is, that the defendant could not be permitted to set up a sale procured by his own fraud ; and that his mere possession of the goods unaccounted for raised an implied promise to pay.

Upon the authority of these cases, and upon principle, we are of opinion, that the plaintiff cannot rescind the contract, and recover the value of the goods sold in this action ; and in this respect the charge to the jury was not correct.

*Verdict set aside and new trial granted.*